# EXHIBIT A
# Summons and Complaint

# EXHIBIT A

SUMM

# District Court

## CLARK COUNTY, NEVADA

CHASE PAYNE, individually and on behalf
of all others similarly situated,

      Plaintiff,

vs.

BP SOLUTIONS LLC; AYR WELLNESS
HOLDINGS LLC, EMPLOYEE(S)/AGENT(S) DOES
1-10; and ROE CORPORATIONS 11-20, inclusive;
Defendants.



Case No.: A-21-838212-C
Dept.: 14

## SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS
YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A Civil Petition for Judicial Review has been filed by the plaintiff against you for the relief set
forth in the Complaint.

### BP SOLUTIONS LLC, a Domestic Limited-Liability Company

    1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of
the day of service, you must do the following:

        a.    File with the Clerk of this Court, whose address is shown below, a formal written response to
the Complaint in accordance with the rules of the Court.

        b.    Serve a copy of your response upon the attorney whose name and address is shown below.

    2.    Unless you respond, your default will be entered upon application of the plaintiff and this Court may
enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or
property or other relief requested in the Complaint.

    3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your
response may be filed on time.

Issued at the request of:

STEVEN D. GRIERSON, CLERK OF COURT

By: /s/Christian Gabroy, Esq.
Christian Gabroy
Nevada Bar No. 8805
Gabroy Law Offices
170 S. Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Attorney for Plaintiff

By: _____
Deputy Clerk Ofelia David

County Courthouse
200 South Third Street
Las Vegas, Nevada 89101

7/21/2021
Date

*NOTE:    When service is by publication, add a brief statement of the object of the action.
      See      Rules      of      Civil      Procedure,      Rule      4(b).

STATE OF _____ )
                                                            ) ss:            AFFIDAVIT OF SERVICE
COUNTY OF_____ )

_____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made.   That   affiant   received   _____   copy(ies)   of   the   Summons   and   Complaint, _____ on the day of _____, 2021 and served the same on the _____ day of _____, 2021 by:

**(affiant must complete the appropriate paragraph)**

1.      delivering         and        leaving        a        copy       with        the        defendant at (state address)_____.

2.      serving the defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the defendant's usual          place        of        abode         located        at        (state         address) _____ .

(Use paragraph 3 for service upon agent, completing A or B)

3.      serving the defendant _____ by personally delivering and leaving a copy at (state address) _____ .

        a.      with _____ as _____, an agent lawfully designated by statute to accept service of process;

        b.      with _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.      personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method):

                _____ Ordinary mail
                _____ Certified mail, return receipt requested
                _____ Registered mail, return receipt requested

        addressed to the defendant _____ at the defendant's last known address which is (state address) _____.

                Executed this _____ day of _____, 20_____.


                                                _____
                                                Signature of person making service


SUBSCRIBED AND SWORN to before me this

_____ day of _____, 2021.

NOTARY PUBLIC in and for said County
and State

My commission expires:

Electronically Filed
7/20/2021 4:45 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
Christian J. Gabroy, Esq. (#8805)
Kaine M. Messer, Esq. (#14240)
GABROY LAW OFFICES
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, NV 89012
Telephone:   (702) 259-7777
Facsimile:   (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

CASE NO: A-21-838212-C
Department 14

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CHASE PAYNE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BP SOLUTIONS LLC; AYR WELLNESS HOLDINGS LLC,<br>EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive;<br>Defendants. | Case No:<br>Dept.:<br><br>**PLAINTIFF'S COMPLAINT AND JURY DEMAND**<br><br>**Arbitration Exemption Claimed: Class Action**<br><br>COLLECTIVE AND CLASS ACTION PURSUANT TO 29 U.S.C. § 216(b) AND NEV. R. CIV. P. 23 |

**PLAINTIFF'S COMPLAINT**

Plaintiff Chase Payne for himself and all others similarly situated ("Plaintiff"), alleges as follows for his Complaint against BP Solutions LLC ("BP") and Ayr Wellness Holdings LLC ("Ayr") (together "Defendants"):

**NATURE OF THE PLAINTIFF'S CLAIMS**

1.      Plaintiff brings this collective and class action Complaint, pursuant to the Fair Labor Standards Act, ("FLSA") 29 U.S.C. §216(b) and Rule 23 of the Nevada Rules of Civil Procedure ("NRCP"), to recover tips unlawfully withheld and misappropriated by Defendants while Plaintiff, and similarly situated employees previously worked at, or are working as Budtenders for Defendants.

2.      As set forth in detail below, Defendants paid Budtenders working an

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

hourly wage. These Budtenders also received gratuities or tips from customers. These Budtenders who received such gratuities and tips will be referenced as "Tipped Employees."

3.     The Tipped Employees regularly and customarily received gratuities, compensation, and/or monies as "tips" independent of their hourly wages.

4.     As used herein, the term "tips" means gratuities, compensation, and/or monies received by the Tipped Employees from customers or patrons of Defendants.

5.     Tips were earned as a regular part of the Tipped Employees providing of services to customers.

6.     Defendants engaged in unlawful tip pooling, tip sharing arrangements, and management misappropriation of tips taken from the Tipped Employees, which included requiring Tipped Employees to share a percentage or portion of their tips with management.

7.     As a result of this unlawful mandatory tip pooling and tip confiscation system Defendants wrongfully obtained, and Tipped Employees were wrongfully deprived, of tips given to Tipped Employees by customers and unlawfully taken from them by way of Defendants' unlawful tip pooling and tip transferring policies and practices.

8.     The action of Defendants in wrongfully obtaining and depriving Tipped Employees of earned tips has the same net effect as a deduction of the Tipped Employee's wages, and amounts to unlawful conversion of Tipped Employees money and property in violation of law.

9.     Tipped Employees are entitled to a refund of all tips wrongfully taken from them by Defendants, together with liquidated damages, attorneys' fees and costs.

## JURISDICTION AND VENUE

10.    Plaintiff re-alleges and incorporates by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

2

11.     This Court has jurisdiction over actions arising under the Constitution, laws, or treaties of the United States, including, without limitation, the FLSA, 29 U.S.C. §§201, *et seq.*, as well as implementing regulations of the United States Department of Labor.

12.     This Court has jurisdiction pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b) which provides that an action based on these provisions "may be maintained against any employer…in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."

13.     This Court has jurisdiction over actions under the common law of Nevada for Plaintiff's Claims of Conversion and Unjust Enrichment.

14.     Venue is proper in this Court because Plaintiff resides in Clark County, worked for Defendants in Clark County where the acts complained of occurred, and Defendants regularly conducts business in Clark County.

15.     Plaintiff and members of his class herein demand a jury trial on all issues triable by jury.

## PARTIES

16.     Plaintiff re-alleges and incorporates by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

17.     Plaintiff Chase Payne is a citizen of the United States and a resident in the State of Nevada, and at all relevant times was domiciled in Clark County, Nevada.

18.     During the time period relevant to this Complaint, Plaintiff Chase Payne was employed by Defendants as a "Budtender."

19.     Plaintiff was subject to the complained-of tip pool and unlawful tip confiscation by management in that a portion of his tips was regularly and routinely and unlawfully withheld by Defendant, and shared with management, as alleged herein.

20.     Defendant BP Solutions LLC is a domestic limited-liability company organized and existing under the laws of the State of Nevada, with its primary place of

3

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1   business in Clark County, Nevada.

2       21.   Defendant BP Solutions LLC represented to the federal government via

3   Plaintiff's 2020 W-2 that it was Plaintiff's employer.

4       22.   Defendant BP Solutions LLC represented to the federal government via

5   Plaintiff's 2019 W-2 that it was Plaintiff's employer.

6       23.   Defendant Ayr Wellness Holdings LLC is a domestic limited-liability

7   company organized and existing under the laws of the State of Nevada, with its primary

8   place of business in Clark County, Nevada.

9       24.   During all times relevant to this Complaint, Defendants were doing

10  business in Clark County, Nevada as "The Dispensary."

11      25.   DOE   DEFENDANTS   1-10,   inclusive,   are   persons   and   ROE

12  DEFENDANTS 11-20, inclusive, are corporations or business entities (collectively

13  referred to as "DOE/ROE DEFENDANTS"), whose true identities are unknown to

14  Plaintiff at this time. These ROE CORPORATIONS may be parent companies,

15  subsidiary companies, owners, predecessor or successor entities, or business

16  advisors, de facto partners, Plaintiff's employer, or joint venturers of Defendants.

17  Individual DOE DEFENDANTS are persons acting on behalf of or at the direction of

18  any Defendant or who may be officers, employees, or agents of Defendant and/or a

19  ROE CORPORATION or a related business entity. These DOE/ROE DEFENDANTS

20  were Plaintiff's employer(s) and are liable for Plaintiff's damages alleged herein for

21  their unlawful employment actions/omissions.  Plaintiff will seek leave to amend this

22  Complaint as soon as the true identities of DOE/ROE DEFENDANTS are revealed to

23  Plaintiff.

24      26.   Based on information and belief, at all relevant times, Defendants were

25  the partners, joint ventures, agents, co-conspirators, servants, and employees of each

26  of the other Defendants herein, and were acting at all relevant times within the scope,

27  purpose and authority of said partnership, joint venture, agency, service, employment,

28

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

4

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1  and conspiracy, and with the knowledge, consent, permission, acquiescence, and

2  ratification of their co-defendants.

3       27.    At all times relevant, Defendant(s) were managing employee(s) and

4  agent(s) of Defendants.

5       28.    Defendants had custody and/or control over Plaintiff's and his employment

6  and were responsible for Plaintiff's labor and employment matters, including policies and

7  procedures regarding or relating to tips earned by the Plaintiff, as well as the Plaintiff's

8  wages, and other related polices.

9       29.    Plaintiff does not know the true names or capacities of Defendants sued

10 herein as Does 1-10 or Roe Corporations 11-20 inclusive and will seek leave to amend

11 this Complaint to correctly designate those parties as soon as their correct names and

12 capacities are ascertained.

13      30.    Plaintiff and members of his class are informed and believe and

14 thereupon allege that each of said Defendants were in some manner legally

15 responsible for the unlawful actions set forth herein and acting as Plaintiff and

16 members of the class's employer.

17      31.    All allegations repeated herein against the Defendants are made with

18 equal force against Roe Corporations.

19                              **GENERAL ALLEGATIONS**

20      32.    Plaintiff re-alleges and incorporates by this reference each and every

21 preceding allegation in this Complaint, as if the same were fully set forth herein.

22      33.    At all times relevant to this action, Plaintiff and similarly situated Tipped

23 Employees were required by Defendants to share a percentage or portion of their tips

24 with Lead Budtenders.

25      34.    Such Lead Budtenders were managers employed by Defendants.

26      35.    Such Lead Budtenders were supervisors employed by Defendants

27      36.    Lead Budtenders primary duties consisted of managing Defendants'

28                                        5

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1    enterprise.

2        37.    Lead Budtenders customarily and regularly directed the work of at least

3    two or more other full-time employees or their equivalent.

4        38.    Specifically, Lead Budtenders would regularly direct, manage, and/or

5    supervise the work of Budtenders during their assigned shift.

6        39.    Lead Budtenders' suggestions and recommendations as to the hiring or

7    firing of employees were given particular weight by Defendants.

8        40.    The tip-out amount to Lead Budtenders ranged typically between five and

9    fifteen percent of the Tipped Employees' pooled tips.

10        41.    Defendants through their management personnel retained and utilized a

11    portion of the Tipped Employees' tips for general business purposes, and for their own

12    financial benefit, including the compensation of Lead Budtenders.

13        42.    Retaining tips by Lead Budtenders for general business purposes or to

14    pay hourly wages of other employees or for the personal aggrandizement of

15    management personnel does not constitute a valid tip sharing or pooling agreement

16    under the Department of Labor's regulations and federal and state law.

17        43.    Implementing regulations promulgated by the United States Department

18    of Labor prohibit the creation of any tip pool that violates Section 203(m). *See* 29

19    C.F.R. §531.52; §531.54 and §531.55.

20        44.    Because Plaintiff and other Tipped Employees were forced, as a

21    condition of their employment with Defendant, to pay or otherwise give a portion or

22    percentage of their tips to Defendants' management personnel and to employees who

23    were not and are not regularly and customarily tipped, Defendants' tip pooling and tip

24    confiscation policy was and is unlawful.

25        45.    As a result of Defendants' unlawful tip confiscation and pooling policies,

26    Plaintiff and other similarly situated Tipped Employees were deprived of wages,

27    compensation, gratuities, and/or monies for their services since tips are the property of

28

1  the employee who earns them and not of management.

2  46.  Plaintiff and other similarly situated Tipped Employees are entitled to the

3  actual amount of tips they earned rather than the amount they were left with after

4  implementation of Defendants' mandatory tip pooling and tip confiscation policies and

5  practices.

6  ## COLLECTIVE ACTION ALLEGATIONS

7  47.  Plaintiff re-alleges and incorporates by this reference each and every

8  preceding allegation in this Complaint, as if the same were fully set forth herein.

9  48.  Plaintiff brings this action on behalf of himself and all others similarly

10  situated pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

11  49.  Individuals similarly situated to Plaintiff include all Tipped Employees

12  working for Defendants at any time during the three years preceding the filing of the

13  Complaint, where a portion of their tips were subject to mandatory pooling and

14  confiscation by the management, executives, and/or supervisors of Defendants.

15  50.  Defendants' policies and practices of mandatory tip pooling and payment

16  of a portion of those tips to Defendants was the customary and usual policy and

17  practice of Defendants and applied to all putative collective class members who are or

18  were Budtenders employed by Defendants.

19  51.  These similarly situated individuals which pursuant to Plaintiff's

20  information and belief collectively number over 500, are so numerous that individual

21  joinder is impractical.

22  52.  The identities of all putative collective class members are within the

23  knowledge of, and can be ascertained by reference to, Defendants' records.

24  53.  Each and every other similarly situated individual employed by

25  Defendants has suffered the same wrongdoing, and the factual and legal basis for the

26  claims of Plaintiff and similarly situated Tipped Employees are similar such that their

27  claims should be heard in one action.

28

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

54.     As provided by the Fair Labor Standards Act Section 16(b), Plaintiff brings his tip pooling claims as a collective action and will seek an order providing that Notice be sent to all putative members of the collective class providing them with notice of the pendency regarding this action and an opportunity to submit a consent to join other similarly situated employees in pursuing the relief sought by this Complaint.

## CLASS ACTION ALLEGATIONS

55.     Plaintiff re-alleges and incorporates by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

56.     Plaintiff also brings claims for Conversion and Unjust Enrichment on behalf of himself and a class of all other similarly situated Tipped Employees, pursuant to common law of Nevada, Nevada state law, and Rule 23 of the Nevada Rules of Civil Procedure.

57.     The proposed Rule 23 class is defined as all Tipped Employees working for Defendants at any time during the three years preceding the filing of this Complaint, from whom tips were taken and transferred to management personnel and other non-tipped personnel, and thus withheld or otherwise confiscated by Defendants from Tipped Employees.

58.     The members of the Class are so numerous that joinder is impractical and the interests of justice require these claims be litigated on a class basis.

59.     Plaintiff's claims are typical of the claims of the Class because Defendants confiscated or interfered with tips properly due to Plaintiff and members of their Class.

60.     Plaintiff, like all putative Class members, has been damaged by Defendants' misconduct in that he has been, and will continue to be, deprived of tips, property and wages by Defendants' unlawful tip pooling and tip confiscation policies.

61.     The factual basis of Defendants' misconduct is common to all Class members, including Plaintiff, and represents a common thread of an unlawful policy

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

8

and practice resulting in the similar injuries and damages sustained by all members of the Class.

62.    There are numerous questions of law and fact common to the Class, and those common questions predominate over any questions affecting only individual Class members.

63.    Among the questions of law and fact common to the Class are whether Defendant:

(a)    unlawfully permitted management, supervisos, and/or other employees who do not customarily and regularly receive tips to participate in the mandatory tip pooling and tip confiscation practices;

(b)    improperly interfered with the Class members' tips;

(c)    unlawfully retained portions of the Class members' tips; and,

(d)    implemented and executed unlawful tip policies and practices.

64.    Plaintiff suffered the harm alleged herein, has no interests antagonistic to the interests of any other Class member, is committed to the vigorous prosecution of this action, and has retained competent and experienced counsel.

65.    Plaintiff and his counsel are adequate representatives and will fairly and adequately protect the interests of the Class.

66.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since the amount of each individual Class member's claim is small relative to the complexity of the litigation.

67.    Due to the financial resources of Defendant, no Class member could realistically afford to seek legal redress individually for the class claims alleged herein.

68.    Absent a class action, the Class members will continue to suffer losses, and Defendants' misconduct will proceed without remedy.

69.    Even if Class members themselves could afford individual litigation, this

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

9

1  Court may become immersed in numerous lawsuits with substantially similar facts and

2  legal issues with relatively nominal damages.

3      70.    Given the complex legal and factual issues involved, individualized

4  litigation would significantly increase the delay and expense to all parties.

5      71.    Individualized litigation would also create the potential for inconsistent or

6  contradictory rulings.

7      72.    By contrast, a class action presents far fewer management difficulties,

8  allows claims to be heard which might otherwise go unheard because of the relative

9  expense of bringing individual lawsuits, and provides the benefits of adjudication and

10  comprehensive supervision by a single court.

11                        **FIRST CLAIM FOR RELIEF**
          **29 U.S.C. §203 _et seq._, VIOLATION OF THE FAIR LABOR STANDARDS ACT -**
12                  **UNLAWFUL CONFISCATION OF TIPS**

13      73.    Plaintiff re-alleges and incorporate by this reference each and every

14  preceding allegation in this Complaint, as if the same were fully set forth herein.

15      74.    Plaintiff has consented in writing to become a party plaintiff in this lawsuit.

16      75.    Plaintiff's written consent thereto is attached as Exhibit "I" to this

17  Complaint and incorporated herein by this reference.

18      76.    At all times relevant to this action, Defendants were Plaintiff's and other

19  similarly situated employees' employer within the meaning of the Fair Labor Standards

20  Act.

21      77.    Defendant BP regularly engaged in interstate commerce and has annual

22  revenues exceeding $500,000.00 per annum.

23      78.    Defendant Ayr regularly engaged in interstate commerce and has annual

24  revenues exceeding $500,000.00 per annum.

25      79.    Throughout the three years preceding the filing of Plaintiff's Complaint,

26  Defendants failed to pay Plaintiff and other similarly situated Tipped Employees all

27  earned tips.

28

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

10

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

80.    Instead, Defendants applied a mandatory tip pooling and tip confiscation policy as set forth above which deprived Tipped Employees of lawfully earned tips in violation of the Fair Labor Standards Act.

81.    At all times relevant to this Complaint, Defendants were not entitled to confiscate and misappropriate portions of Plaintiff's and putative class members tips because Defendants were management, were not and are not regularly and customarily tipped, and/or are not direct service providers to customers, and did not lawfully earn a share of said tips.

82.    By subjecting the Plaintiff and other similarly situated Tipped Employees' to the Defendants' tip pool or tip share, the Defendants unlawfully withheld, deprived, or confiscated tips belonging to the Plaintiff and others similarly situated Tipped Employees.

83.    Defendants violated the FLSA to which protections and benefits Plaintiff and those similarly situated were and are entitled and instead maintained a tip pool and tip confiscation policy that is not authorized by and in violation of the Fair Labor Standards Act.

84.    Defendants violated and continues to violate the provisions of 29 U.S.C. §203(m), *et seq.*

85.    Defendants violated and continues to violate the provisions of 29 C.F.R. §531.52 and 531.54, *et seq.*

86.    By forcing Plaintiff to give up a percentage or portion of his tips to management and Non-Tipped Employees, Defendants have ignored and violated the provisions of 29 C.F.R. §531.52 and §531.54, and unlawfully deprived Plaintiff of earned employment wages, and/or tips to Plaintiff's individual and collective detriment.

87.    Defendants' conduct as described herein above was willful and undertaken with the intent and design to deprive Plaintiff and other similarly situated Tipped Employees of their property.

88.     Plaintiff and other similarly situated Tipped Employees have been damaged by Defendants' conduct in an amount representing the difference between the Tipped Employees earned tips that should have been retained by Plaintiff, and those similarly situated and the amount actually received after the unlawful tip pooling and tip confiscation practices of Defendants were implemented, all in an amount according to proof at trial.

89.     Plaintiff and other similarly situated Tipped Employees are also entitled to liquidated damages equal to the amount of wages and tips unlawfully withheld by Defendants, together with their reasonable attorneys' fees and costs of suit, pursuant to 29 U.S.C. §216(b).

90.     Defendants engaged in the aforesaid conduct willfully and with the intent to abuse its authority and economic power over Plaintiff and other similarly situated Tipped Employees by taking advantage of their need for continued employment to force their acquiescence to an unlawful tip pooling and tip sharing policy.

91.     Defendants' aforesaid conduct was malicious, oppressive, and undertaken in reckless disregard of the rights of Plaintiff and other similarly situated Tipped Employees under the Fair Labor Standards Act. Therefore, Plaintiff and other similarly situated Tipped Employees are entitled to an award of punitive damages in an amount according to proof at trial.

## SECOND CLAIM FOR RELIEF
## CONVERSION

92.     Plaintiff re-alleges and incorporates by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

93.     The tips that customers leave for Plaintiff and the members of the Class are Plaintiff's and the Class members' property.

94.     Plaintiff and the members of the Class have, and at all relevant times had, ownership rights and the right to possess such tips.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

PLAINTIFF'S COMPLAINT AND JURY DEMAND

95.    Defendants retained tips and/or wages/monies belonging to Plaintiff and the Class members as described above, and thereby wrongfully exercised dominion and control over said tips, to the exclusion of the rights of Plaintiff and the members of their Class.

96.    As a direct and proximate result of Defendants' wrongful exercise of dominion and control over the aforesaid tips, Plaintiff and the members of the Class have suffered damage in an amount according to proof at trial.

97.    Defendants engaged in the aforesaid conduct willfully and with the intent to abuse its authority and economic power over Plaintiff and other similarly situated Tipped Employees by taking advantage of their need for continued employment to force their acquiescence to an unlawful tip pooling and tip sharing policy.

98.    Defendants' aforesaid conduct was malicious, oppressive, and undertaken in reckless disregard of the rights of Plaintiff and other similarly situated Tipped Employees under the Fair Labor Standards Act, Code of Federal Regulations, Statutes, Common Law, and/or Nevada State law.

99.    Therefore, Plaintiff and other similarly situated Tipped Employees are entitled to an award of punitive damages in an amount according to proof at trial.

### THIRD CLAIM FOR RELIEF
### UNJUST ENRICHMENT

100.   Plaintiff re-alleges and incorporates by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

101.   Plaintiff and the members of the NRCP 23 class conferred a benefit upon Defendants, and gave the benefit with Defendants' knowledge, by giving service to Defendants' customers, causing those customers to leave tips for Plaintiff and the members of the NRCP 23 Class.

102.   Plaintiff and the putative members of the NRCP 23 class conferred a benefit upon Defendants, and gave the benefit with Defendants' knowledge, by

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

13

1 creating repeat business and good will for Defendants.

2     103.  Retention of the tips by Defendants is unjust under the circumstances.

3     104.  As a direct and proximate result of Defendants' unjust retention of the

4 aforesaid tips, Plaintiff and the putative members of their NRCP 23 Class suffered

5 damage in an amount equating to the amounts unlawfully taken from Plaintiff and the

6 Class and according to proof at trial.

7 <center>**PRAYER FOR RELIEF**</center>

8     WHEREFORE, Plaintiff and all other similarly situated employees pray for

9 judgment against Defendants as follows:

10   1.  For damages in excess of $15,000.00;

11   2.  For compensatory damages equal to the full amount of tips unlawfully

12     withheld from Plaintiff and all other similarly situated employees, but

13     according to proof at trial;

14   3.  For liquidated damages in a sum equal to compensatory damages,

15     pursuant to 29 U.S.C. §216(b);

16   4.  For return of the amounts unlawfully taken from the tips earned by

17     Plaintiff and all other similarly situated employees;

18   5.  For an award of punitive damages according to proof at trial;

19   6.  For compensatory damages, according to proof at trial;

20   7.  Restitution in an amount according to proof at trial;

21   8.  For an order certifying this action as a collective action pursuant to the

22     Fair Labor Standards Act, 29 U.S.C. §216(b);

23   9.  For an order certifying this action as a class action pursuant to Rule 23 of

24     the Nevada Rules of Civil Procedure;

25   10.  For an order appointing Plaintiff as the Representative of the Class and

26     his counsel as Class Counsel;

27   11.  For prejudgment and post-judgment interest at their respective maximum

28

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

<center>14</center>
<center>PLAINTIFF'S COMPLAINT AND JURY DEMAND</center>

1    legal rates;

2    12.    For attorneys' fees and costs to the extent permitted by law, statute,

3           contract, or in equity; and,

4    13.    For any other or additional relief that the Court deems to be just and

5           proper.

6    DATED:  July 20, 2021

7                                              Respectfully Submitted,

8                                              GABROY LAW OFFICES

9                                              By:  /s/ Christian Gabroy
10                                             Christian J. Gabroy, Esq. (#8805)
                                               Kaine M. Messer, Esq. (#14240)
11                                             The District at Green Valley Ranch
                                               170 S. Green Valley Pkwy, Suite 280
12                                             Henderson, NV 89012
                                               Tel:    (702) 259-7777
13                                             Fax:    (702) 259-7704
                                               christian@gabroy.com
14                                             kmesser@gabroy.com
                                               *Attorneys for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

15

PLAINTIFF'S COMPLAINT AND JURY DEMAND

# EXHIBIT I

## CONSENT TO JOINDER

BY SIGNING BELOW, SUCH INDIVIDUAL CONSENTS TO JOIN THIS CASE
AS A PLAINTIFF PURSUANT TO 29 U.S.C. § 216(b).

_____

**Signature**

Chase Payne

_____

**Printed Name**

07 / 20 / 2021
_____

**Date**

JUL 2 7 2021